**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN DOE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRIGHTCHAMPS EDTECH LLC, <br><br> Defendant. | Case No. 26-cv-01865-BLF <br><br> **ORDER GRANTING MOTION TO SET ASIDE DEFAULT; AND DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT** <br><br> [Re:  ECF Nos. 23, 39] |

Before the Court are two motions.  The first is a motion for default judgment filed by Plaintiff Rima Devy as guardian ad litem for her minor son, John Doe.  ECF No. 23.  The second is Defendant BrightChamps EdTech LLC's motion to set aside default.  ECF No. 39 ("Mot.").  Plaintiff submitted an opposition to Defendant's motion to set aside default, ECF No. 46 ("Opp."), and a reply in support of her motion for default judgment, ECF No. 32.  Defendant filed an opposition to Plaintiff's motion for default judgment, ECF No. 40, and a reply in support of her motion to set aside default, ECF No. 47 ("Reply").[1]  The Court previously submitted the motion to set aside default and vacated the hearing.  ECF No. 45.  The Court finds that the motion for default judgment is suitable for resolution without oral argument and VACATES the hearing set for August 13, 2026.  *See* Civil L.R. 7-1(b).

For the reasons that follow, Defendant's motion to set aside default is GRANTED, and Plaintiff's motion for default judgment is DENIED AS MOOT.

---

[1] Defendant's reply brief is 8 pages, despite having been explicitly directed to file a reply brief not to exceed 5 pages.  ECF No. 38; *see also* Standing Order re Civil Cases § IV.A.4.  Accordingly, the last 3 pages of the reply brief are hereby STRICKEN and the Court will not consider them in evaluating the motion.

United States District Court
Northern District of California

United States District Court
Northern District of California

## I.  BACKGROUND

This civil rights action arises from an online tutoring session, during which an educator made allegedly inappropriate political statements.  According to the allegations in the corrected complaint, Ms. Devy's minor son, John Doe (who is proceeding pseudonymously), attended a live, one-on-one online tutoring session provided by Defendant BrightChamps EdTech LLC, which is an online tutoring company that offers private tutoring services.  ECF No. 7 ("Compl.") ¶¶ 8, 12.  During a class on business entrepreneurship, the assigned tutor allegedly "verbally attacked America and Israel after discovering that [John Doe] was Jewish".  *Id.* ¶¶ 11–13.  According to the complaint, the tutor also made "derogatory and harassing statements," which "included antisemitic stereotypes and comments targeting John Doe's Jewish identity," and geopolitical commentary.  *Id.* ¶¶ 14–18.  As a result, John Doe allegedly "experienced fear, humiliation, emotional distress, and anxiety."  *Id.* ¶ 23.  Plaintiff further states that Defendant failed to preserve the recording of the class session, which has deprived Plaintiff of critical evidence necessary to prove the full scope of harassment.  *Id.* ¶¶ 31–35.

Plaintiff filed this action on March 4, 2026, ECF No. 1, and filed a corrected complaint the following day.  Plaintiff brings claims for: (1) violation of 42 U.S.C. § 1981 for racial discrimination in contracting; (2) violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.*; (3) breach of contract; (4) negligent hiring, training, supervision, and retention; (5) negligent infliction of emotional distress; (6) intentional infliction of emotional distress; (7) unfair business practices in violation of Cal. Bus. & Prof Code § 17200, *et seq.*; and (8) negligent misrepresentation.  Compl. ¶¶ 36–94.  Plaintiff seeks, *inter alia*, damages, restitution, remedies for spoliation of evidence, injunctive relief, attorneys' fees and costs, and interest.  *Id.* at Request for Relief.

Defendant was served on March 26, 2026.  ECF No. 10 (affidavit of service).  Plaintiff filed a motion for entry of default on April 18, 2026, and the Clerk of the Court entered default against Defendant on April 22, 2026.  ECF No. 17.  Plaintiff subsequently moved for default judgment.  ECF No. 23.  Shortly thereafter, Defendant submitted a motion to set aside the default.  ECF No. 39.

2

## II.   MOTION TO SET ASIDE DEFAULT

### A.   Legal Standard

A court may set aside an entry of default for good cause pursuant to Federal Rule of Civil Procedure 55(c).  In the Ninth Circuit, good cause is established when the defendant demonstrates that (1) the default was not the result of culpable conduct, (2) the defendant has a meritorious defense, and (3) setting aside the default would not result in prejudice to the plaintiff.  *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).  Technically, this test "is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default."  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).  "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."  *Id.* (internal quotation marks and citation omitted).

### B.   Analysis

Defendant asserts that good cause exists to set aside the default because its conduct was not culpable, it has multiple meritorious defenses, and Plaintiff will not be prejudiced because it is so early in the case.  In opposition, Plaintiff avers that Defendant's failure to answer was designed to obtain strategic leverage, Defendant's asserted defenses are not meritorious, and setting aside the default would prejudice Plaintiff.  The Court addresses each relevant factor in turn.

#### 1.   Culpable Conduct

As an initial matter, Defendant argues that its conduct was not culpable, and it failed to respond due to a confluence of factors, including unfamiliarity with United States federal litigation and ongoing efforts to resolve the dispute.  Mot. at 7–9.  In response, Plaintiff contends that Defendant had actual and continuous notice from the outset, and it failed to respond to gain a tactical advantage.  Opp. at 4.

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer."  *TCI Grp.*, 244 F.3d at 697 (citation omitted).  "[T]he term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the

movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092 (quoting *TCI Grp.*, 244 F.3d at 697).

All agree that Defendant had actual notice of the action before the motion for default was filed. What is contested is whether Defendant's failure to answer was culpable. After a review of the record, the Court finds that there is no evidence of culpable conduct. As an initial matter, Defendant provides evidence that an administrative oversight led to its learning about the lawsuit only via email from Plaintiff's counsel, rather than through standard service channels. ECF No. 39-1 ("Sharma Decl.") ¶¶ 18–21.[2] Defendant also submits evidence that, after learning about the incident, it focused "on investigating the parent's complaint, taking corrective action, communicating with Plaintiff and Plaintiff's counsel, seeking legal advice, and attempting to resolve the dispute without litigation." *Id.* ¶ 23. In the Court's view, Defendant's failure to "appreciate that default proceedings had been initiated or that significant procedural deadlines had passed while settlement discussions were ongoing," *id.* ¶ 24, is not a demonstration of bad faith. Indeed, upon understanding that default proceedings had advanced, Defendant retained a law firm to assist with the litigation and states that it "intends to participate in this case and defend itself on the merits." *Id.* ¶ 26.

It is certainly true, as Plaintiff points out, that "a legally sophisticated party" may be assumed to have "an understanding of the consequences of its actions." *Mesle*, 615 F.3d at 1093. That Defendant ultimately retained counsel does not transform Defendant into a legally sophisticated party, however. On the contrary, Defendant submits evidence that as "a foreign-based education-technology company with no prior litigation experience, [it] was unfamiliar with U.S. federal court procedures, service requirements, default procedures, the consequences of

---

[2] Plaintiff objects to paragraphs 4 through 9, 13 through 19, 23 through 25, and 34 of Senior Legal Counsel and Compliance Manager for Defendant Surbhi Sharma's declaration under Federal Rule of Evidence 602 for lack of foundation and personal knowledge. Because the Court is satisfied that the declaration "support[s] a finding that the witness has personal knowledge of the matter," Fed. R. Evid. 602, the objection is OVERRULED. Plaintiff also objects to paragraphs 9, 17, 24, and 28 through 37 as legal conclusions rather than testimony. The Court does not find that those paragraphs of the Sharma declaration amount to legal conclusions. The objection is, thus, OVERRULED.

United States District Court
Northern District of California

failing to formally appear in an action, and the procedural implications of service through the Delaware Secretary of State." Sharma Decl. ¶ 22.  In line with its asserted lack of experience, Defendant retained its current counsel only after default proceedings had been initiated and settlement efforts failed.  *Id.* ¶¶ 24–26.  Nonetheless, Plaintiff insists that Defendant's failure to respond "was designed to obtain a strategic leverage." Opp. at 4.  The Court has carefully reviewed the evidence submitted by the Parties and agrees with Defendant that there is no evidence of calculated conduct.  *See* Reply at 4.

The Court concludes that Defendant has sufficiently demonstrated that its failure to timely respond was not the consequence of bad faith.  Defendant also acted relatively promptly in moving to set aside default.  Because there is no evidence that Defendant engaged in culpable conduct, this factor weighs in favor of setting aside the entry of default.

### 2. Meritorious Defense

Defendant contends that it has a number of meritorious defenses.  Mot. at 10–12.  Plaintiff argues that the asserted defenses are conclusory, contradicted, or unavailable.  Opp. at 13.

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *TCI Grp.*, 244 F.3d at 700.  The "nature of [this] burden" is "minimal," because "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094.

The Court finds that Defendant has met its burden to establish the existence of meritorious defenses.  For example, Defendant asserts that it can defeat Plaintiff's negligence-based claims by showing that it maintained educator conduct standards, classroom neutrality expectations and review procedures, that the alleged conduct was outside the scope of appropriate educator conduct, and that Defendant responded promptly when the complaint was made.  *See* Mot. at 10–11 (citing Sharma Decl. ¶¶ 4–8, 28–32).  According to Defendant, those same allegations would defeat Plaintiff's claims that require a showing of intentional discrimination and extreme or outrageous conduct.  *Id.*  Plaintiff responds that Defendant's contention has no merit and is refuted by other evidence in the record.  Opp. at 13.  However, Plaintiff's position asks the Court to resolve disputed merits questions now, and those issues are "the subject of the later litigation." *Mesle*, 615

F.3d at 1094 (citation omitted).  For the purpose of setting aside default, the Court finds Defendant has met its minimal burden to show that it has meritorious defenses to the claims in the complaint. Accordingly, the Court finds that the second factor weighs in favor of setting aside the default.

### 3.    Prejudice

Finally, the Court turns to the prejudice prong of the analysis.  Defendant argues that Plaintiff cannot show cognizable prejudice, including because the litigation is at its earliest stages and Defendant would not be prejudiced by litigating this action on the merits.  Mot. at 12–13. Plaintiff responds that she would be prejudiced if the default were set aside because Defendant has spoliated essential evidence.  Opp. at 11–13.

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case."  *TCI Grp.*, 244 F.3d at 701.  "The standard is whether [Plaintiff's] ability to pursue [the] claim will be hindered."  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

Plaintiff contends that she has been prejudiced because the video of the at-issue tutoring session has been deleted.  *See* ECF No. 46-1 ("Javitch Decl.") ¶ 6 & Ex. 2 (email from Defendant to Plaintiff's counsel advising that the recording had been deleted because "certain categories of platform log data are subject to automated deletion").  Plaintiff urges that the deletion amounts to spoliation because Defendant was under a duty to suspend its data retention policy and implement a litigation hold to ensure the preservation of relevant evidence upon learning about this action. Opp. at 11 (citing *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 881 F. Supp. 2d 1132, 1137 (N.D. Cal. 2012)).

In support of this argument, Plaintiff refers the Court to *Synopsys, Inc. v. Sunlune Corporation*, where this Court denied a motion to set aside default, including because of "substantial and undisputed record evidence that [the defendant] spoliated evidence immediately after the Court granted the [temporary restraining order] and before [the plaintiff] could examine [the defendant's] computers."  No. 24-cv-00220-BLF, 2025 WL 1474388, at *5 (N.D. Cal. May 21, 2025).  Here, as in *Synopsys*, it is undisputed that "highly relevant and probative" evidence, namely the recording of the key incident, has been deleted.  *Id.* at *6.  However, in *Synopsys*, the record reflected that the evidence was purposefully deleted immediately after a

United States District Court
Northern District of California

United States District Court
Northern District of California

temporary restraining order was issued. *Id.* Here, by contrast, Defendant "denies intentionally destroying, removing, altering, or allowing the destruction of evidence for the purpose of concealing misconduct or avoiding liability." Sharma Decl. ¶ 34. That Defendant apparently failed to implement a litigation hold is serious. But the circumstances here are distinguishable from the deliberate deletions and purposeful destruction of evidence that led to prejudice in *Synopsys*.

The Court finds that because the litigation is at its earliest stages, and because there are witnesses that can testify about the incident—even if the video recording is inaccessible—Plaintiff would not be prejudiced by litigating this action on the merits.

*              *              *

Weighing the factors, the Court finds that Defendant has met its burden to show that good cause exists to set aside the default. Defendant has established that its conduct was not culpable, that it has meritorious defenses, and that Plaintiff will not be prejudiced by litigating this case on the merits. The Court concludes that this is not one of those "extreme circumstances" where the "drastic step" of "judgment by default" is appropriate. *Falk*, 739 F.2d at 463. Thus, Defendant's motion to set aside the default is GRANTED.

### III.    MOTION FOR DEFAULT JUDGMENT

Having granted Defendant's motion to set aside the default, Plaintiff's motion for default judgment is DENIED AS MOOT.

\\
\\
\\
\\
\\
\\
\\
\\
\\

7

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Defendant's motion to set aside default, ECF No. 39, is GRANTED.  The Clerk of the Court SHALL set aside the entry of default.

(2) Defendant shall file an answer to the complaint within 14 days of the date of this order, or by **August 24, 2026**.

(3) Plaintiff's motion for default judgment, ECF No. 23, is DENIED AS MOOT.

Dated:  August 10, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

8